**UNITED STATES of America and the People of the State of Illinois ex rel. William J. SCOTT, Attorney General of the State of Illinois, Plaintiffs,**

v.

**UNITED STATES STEEL CORPORATION, Defendant.**

**No. 72 C 2503.**

United States District Court,
N. D. Illinois, E. D.

Feb. 27, 1973.

James R. Thompson, U. S. Atty., Richard M. Williams, James C. Murray, James B. Burns, Chicago, Ill., for United States.

William J. Scott, Atty. Gen., Joseph V. Karaganis, Harvey M. Sheldon, Chicago, Ill., for People of State of Illinois.

Henry L. Pitts and James T. Harrington, of Hackbert, Rooks, Pitts, Fullagar & Poust, Chicago, Ill., for defendant.

## DECISION and ORDER

McMILLEN, District Judge.

Plaintiffs have filed a complaint to restrain the defendant from discharging waste water into Lake Michigan at defendant's Waukegan (Ill.) Works. The complaint consists of three counts, each of which seeks the same relief on different legal theories. Defendant has filed a Motion to Dismiss each count on various grounds and asking for oral argument. The parties have filed briefs which present the legal issues clearly, hence no oral argument is necessary. The Motion to Dismiss will be denied.

Count I is filed by both of the plaintiff governments under 28 U.S.C. § 1331 and § 1345. It is based on the theory that plaintiffs have a Federal cause of action to abate a nuisance in navigable interstate waters. Such a cause of action has recently been recognized in State of Illinois v. City of Milwaukee, et al., 406 U.S. 91, 92 S.Ct. 1385, 31 L.Ed.2d 712 (1972), and thus this court has jurisdiction under 28 U.S.C. § 1331(a). Acc., Washington v. General Motors, 406 U.S. 109, 92 S.Ct. 1396, 31 L.Ed.2d 727 (1972). Section 1331(a) does not require diversity of citizenship and does not require a controversy between sovereignties.

The next question is whether the State of Illinois can enforce Federal common law on behalf of its residents. This likewise is answered in the affirmative, having been litigated between sovereigns as early as in Missouri v. Illinois and the Sanitary District of Chicago, 180 U.S. 208, 21 S.Ct. 331, 45 L.Ed. 497 (1901) and between a state and a private corporation in Georgia v. Tennessee Copper Co., 206 U.S. 230, 27 S.Ct. 618, 51 L.Ed. 1038 (1907). The cause of action in the case at bar is to preserve the purity and recreational value of Lake Michigan in which the State and its residents have an obvious interest. Acc., State of Texas v. Pankey, et al., 441 F.2d 236 (10th Cir. 1971).

Apparently the United States Supreme Court has never explicitly held that the government of the United States has standing to abate a common law nuisance on behalf of its residents. However, in New York v. State of New Jersey, et al., 256 U.S. 296, 41 S.Ct. 492, 65 L.Ed. 937 (1921) the Supreme Court stated that the Federal government had the undoubted right to intervene to protect the navigable waters from pollution (256 U.S. at p. 308, 41 S.Ct. 492). See also Wyandotte Transportation Co. v. United States, 389 U.S. 191, 88 S.Ct. 379, 19 L.Ed.2d 407 (1967). The Federal government clearly has a proprietary interest in the navigable waters of Lake Michigan which is bounded by four states. It also has an interest in establishing a "uniform rule of decision" by enforcing a Federal common law. Cf. State of Illinois v. City of Milwaukee, et al., 406 U.S. at p. 105 n. 6, 92 S.Ct. 1385. Hence, since the Federal government could intervene in this litigation, we find and conclude that it has a sufficient independent interest to file it. Acc., United States of America v. Ira S. Bushey & Sons, Inc., et al., 346 F.Supp. 145 (D.Vt.1972); United States of America v. Reserve Mining Co., et al. (D.Minn. Nov. 30, 1972).

Defendant contends, nevertheless, that the Federal Water Pollution Control Act as amended (33 U.S.C. § 1151 et seq.) has completely occupied the

field and ousted this court from common law jurisdiction. The defendant relies on the amendment effective October 18, 1972, which gives the Environmental Protection Agency the power to adopt and enforce regulations governing the pollution of interstate waters. (P.L. 92–500).[1] Plaintiffs filed the case at bar only twelve days before the foregoing amendment became effective. Nevertheless, we do not find any provision in this amendment which purports to abolish the Federal common law of nuisance but rather an intention to supplement and amplify any preexisting remedies. Cf. Sections 101(b), 505(a), 510, 511(a), 4(a) and S.Rep. 92–414, 92nd Cong., 2d Sess. (1972 U.S.Code, Cong. & Admin.News, pp. 3668, 3678). It is hornbook law that statutes will not be construed in derogation of common law unless such intent is clear. Isbrandtsen Co. v. Johnson, 343 U.S. 779, 783, 72 S. Ct. 1011, 96 L.Ed. 1294 (1952). At least until the Environmental Protection Agency has acted effectively, the hands of the plaintiff governments are not tied.

Since both the United States and the State of Illinois have standing to sue and have a cause of action to protect Lake Michigan from an alleged nuisance, this court has jurisdiction of their action under Count I. 28 U.S.C. § 1345.

 Count II is brought solely by the United States Government pursuant to Section 13 of the Federal Refuse Act of 1899 (33 U.S.C. § 407). This statute, which is specifically exempted from P.L. 92–500 by Section 511(a)(2)(B), prohibits the discharge into navigable waters of "any refuse matter of any kind or description whatever other than that flowing from streets and sewers . . . ." without a permit from the Secretary of the Army. Although this statute was originally construed to apply to obstructions to navigation (United States v. Republic Steel Corp., 362 U.S. 482, 80 S.Ct. 884, 4 L.Ed.2d 903

(1960)), its coverage has lately been reexamined and found to include "all foreign substances and pollutants", such as gasoline. United States v. Standard Oil Co., 384 U.S. 244, 86 S.Ct. 1427, 16 L.Ed.2d 492 (1966). Numerous lower court decisions have followed this lead and have held the Federal Refuse Act to apply to substances such as allegedly discharged by the defendant in the case at bar. Cf. United States v. Interlake Steel Corp., 297 F.Supp. 912 (N.D.Ill.1969).

 Defendant argues that the Federal Refuse Act has been superceded by the 1972 amendments to the Federal Water Pollution Control Act, as it likewise argued with respect to the Federal common law nuisance under Count I. Suffice it to say that the 1972 amendments did not purport to repeal the Federal Refuse Act which, on the contrary, was specifically preserved by the 1970 amendments to the Federal Water Pollution Control Act (33 U.S.C. § 1174(2)) and by Section 511(a)(2)(B) of the 1972 amendments (P.L. 92–500). Furthermore, Section 4(a) of the latter Act provides that no suit shall be abated if commenced by the United States before the effective date of the amendments. Cf. S.Rep. 92–414, op. cit., p. 3754. We must construe statutes to be compatible insofar as possible, and we find no compelling reason to hold that the abatement powers under the Federal Refuse Act have been repealed by the amendments to the Federal Water Pollution Control Act.

 Defendant also argues that it has been prevented from obtaining a permit from the Secretary of the Army pursuant to the Federal Refuse Act because the procedure for this was declared to be *ultra vires*, at least for non-navigable waters, in Kalur v. Resor, 335 F.Supp. 1 (D.D.C.1971). Whether or not this result may bar prosecution under the Federal Refuse Act is now before the United States Supreme Court in United States v. Pennsylvania Industrial

---

1. U.S.Code Service, Lawyer's Edition, p. 2049 (Nov. 1972).

Chemical Corp., 461 F.2d 468 (3rd Cir. 1972), cert. granted 409 U.S. 1074, 93 S.Ct. 689, 34 L.Ed.2d 662 (1972). We doubt if the pending appeal will preclude the civil action stated in Count II of the Complaint, but in any event this would constitute an affirmative defense which is not yet ripe for decision. Unless some definitive ruling requires it, we would not dismiss Count II on this ground.

■ Count III is filed by the State of Illinois alone as a pendent claim. It consists of a complaint to abate a common law nuisance under Illinois law. We see no basis for this count as an independent action, and it adds nothing to the other two. If plaintiffs succeed on the earlier Counts, the remaining alleged violation of the common law of Illinois is merely cumulative. If plaintiffs fail in the earlier Counts, this court should not litigate Illinois' common law action against the defendant under Section 1331 or Section 1345. Therefore Count III should be dismissed, without prejudice. Cf. United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

It is therefore ordered, adjudged and decreed that Count III of the Complaint is dismissed and defendant is ordered to answer Counts I and II within ten (10) days hereof.

It is further ordered that defendant's objections to plaintiff United States of America's request for production of documents filed October 11, 1972 are sustained as to Requests 1, 4, 8 and 10 on the ground that they are too broad and indefinite and on the further ground that to a large extent they call for assembling documents which should be in the possession and control of the plaintiffs, not the defendant. Defendant's objection to Request 7, however, is overruled, and it is ordered to produce such documents, to the extent that they are current, within ten (10) days hereof.